11-1709-cv
Palmer-Williams v. Yale New Haven Hosp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of September, two thousand twelve.

PRESENT:  RALPH K. WINTER,
                    ROBERT D. SACK,
                    REENA RAGGI,
                              *Circuit Judges*.

------------------------------------------------------------------------

PAULINE PALMER-WILLIAMS,
                              *Plaintiff-Appellant*,

                    v.                                                   No. 11-1709-cv

YALE NEW HAVEN HOSPITAL,
                              *Defendant-Appellee*.

------------------------------------------------------------------------

FOR APPELLANT:        Pauline Palmer-Williams, *pro se*, Hamden, Connecticut.

FOR APPELLEE:          Jeffrey R. Babbin, Jenny R. Chou, Wiggin and Dana LLP, New Haven, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Janet Bond Arterton, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 28, 2011, is AFFIRMED.

Plaintiff Pauline Palmer-Williams appeals pro se from an award of summary judgment in favor of defendant Yale New Haven Hospital on her federal and state law claims of discrimination in employment based on race, national origin, and sex. We review the challenged judgment de novo and we will affirm only if the record, viewed most favorably to Palmer-Williams, admits no genuine issue as to any material fact and establishes the defendant's entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(a); see Gould v. Winstar Commc'ns, Inc., 686 F.3d 108, 117-18 (2d Cir. 2012). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

After an independent review of the record and relevant case law, we conclude, substantially for the same reasons articulated by the district court in its well reasoned order, that defendant was entitled to summary judgment. No different conclusion is warranted by the challenge Palmer-Williams raises on this appeal to the performance of her retained counsel, as the law holds a litigant bound by her attorney's actions in such circumstances. See Link v. Wabash R.R. Co., 370 U.S. 626, 633–34 (1962) (stating that a party who "voluntarily chose [an] attorney as his representative in [an] action . . . cannot . . . avoid the consequences of the acts or omissions of this freely selected agent"); accord Bergerson v. N.Y. State Office of Mental Health, 652 F.3d 277, 289 (2d Cir. 2011) ("[A]ll litigants are

2

bound by the concessions of freely retained counsel." (internal quotation marks omitted)).

We have considered Palmer-Williams's arguments on appeal and find them to be without

merit.

For the foregoing reasons, the district court's judgment is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court